[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
On July 8, 1992 the jury returned a verdict in favor of the plaintiffs, who brought this medical malpractice action against Steven Herzig, M.D. The claimed malpractice occurred during the period May, 1986 to December 18, 1987. Counsel and the court have considered the cause of action to be governed by the provisions of what is commonly referred to as Tort I, 52-572h
Connecticut General Statutes. This statute required the jury to determine the percentage of responsibility attributable to each person responsible for the plaintiff's damages, including the plaintiff. In this matter the jury found the plaintiff Charles CT Page 1386 Bradford to be 30% liable. They went on to find the named defendant 75% liable and found Eckhart Doering, M.D., a person who was not sued but whom the jury found to be 25% liable for the plaintiff's injuries.
The plaintiffs raise two issues concerning the application of Tort Reform I to the pleadings in circumstances of this case. The defendant did not plead contributory negligence but simply denied any negligence on his part. It is the claim of the plaintiffs that the verdict should not be modified by the application of the 30% contributory negligence attributed to the plaintiff Charles Bradford as found by the jury. It is also the plaintiffs' claim that the 25% negligence attributed to Dr. Doering by the jury is not maintainable because the jury specifically did not find Dr. Doering's treatment to have been a superceding cause of the plaintiff's injury, and further, that the jury by their response to interrogatories 4 and 5 concluded that the plaintiff's injuries were sustained prior to the time that Dr. Doering undertook to treat the plaintiff.
It appears to the court that the legislature in enacting Tort Reform I intended for the trier of fact to take into consideration all factors impacting upon a plaintiff's claim for damages. In Tort Reform I persons who were responsible for causing the plaintiff's injuries, whether or not they were named parties, would bear their share of their loss and insofar as non-parties were concerned, their negligence if so found by the trier, would lessen the damages found to be the responsibility of named defendants.
It appears that the allocation of damages due the plaintiff would include by the terms of the statute an evaluation of responsibility among all persons found to be responsible for the plaintiff's injuries, including, as the statute is written, the plaintiff himself. The conclusion of this court is that despite no claim of contributory negligence on the part of the plaintiff by the defendant, the jury in following the law set out in Tort Reform I, determined that the plaintiff was to the extent noted in their verdict responsible for his damages.
Accordingly, the court concludes that it was not necessary to plead contributory negligence on the part of the plaintiff by the defendant as the statute required the jury to consider the plaintiff's negligence in determining the recovery without regard to any claim of contributory negligence. CT Page 1387
As to the plaintiff's claim regarding the jury's finding of negligence on the part of Dr. Doering, the jury was instructed as to the applicable law and furnished with verdict forms and interrogatories which they returned after several hours of deliberation. The verdict was accepted without comment by counsel for the plaintiffs. The jury in this case heard evidence of the care and treatment by Dr. Doering for a period of time following Dr. Herzig's cessation of treatment and the turning over of the patient to Dr. Doering. With that evidence and that of other experts who testified, the jury concluded that Dr. Doering should bear some amount of responsibility for the plaintiff's injuries. They were thus determining in the application of the Tort Reform I the responsibility of all persons for the plaintiff's injury.
Accordingly, the court concludes that the percentage of liability attributed to Dr. Doering as set out in the jury's verdict may stand.
Pursuant to 52-225d Connecticut General Statutes, the court following the determination of liability is required to enter judgment for money damages subject to the application of any appropriate reduction such as provided in 52-225a Connecticut General Statutes for collateral source payments.
On December 15, 1992, the court heard arguments by counsel and received an affidavit executed by the plaintiff relative to payments received from insurers in payment of medical bills as set out therein. It appears that the plaintiff received $44,677.84 in such payments, and with credit given for the plaintiff's payment of premiums of $1,939.39, the amount of the reduction for collateral source payments is $42,738.45. This amount deducted from past economic damages of $129,000.00 as set out in the verdict of July 1, 1992, results in net economic damages of $86,261.55. The court finds no reduction for Medicare payments appropriate as applicable law as cited by plaintiffs' counsel indicates that a right of subrogation exists in the United States. [See 42 U.S.C.S. Sec. 1395y(b) and42 C.F.R. § 411.24(b)]. See also 52-225a(a).
Turning to the jury's verdicts and adjustments for collateral source and contributory negligence, the amounts are set out as follows: CT Page 1388
 Past non-economic damages $ 30,000.00 Future economic damages 230,000.00 Future non-economic damages 30,000.00 ---------- $290,000.00 Less 30% contributory negligence 87,000.00 ---------- $ 203,000.00
 Plus past economic damages as reduced by collateral source as previously referred to $ 86,261.55 Less 30% contributory negl. 25,878.47 ----------- $ 60,386.08
 Total damages to plaintiff Charles S. Bradford after reduction for contributory negligence $ 263,383.08
The jury verdict found Steven Herzig, M.D. responsible for 75% of this amount, and accordingly judgment may enter against the defendant Herzig for $197,537.31.
As to the plaintiff Marjorie K. Bradford, the jury awarded her for her claim of loss of consortium as follows:
 Past non-economic damages $ 10,000.00 Future economic damages 15,000.00 --------- Total Damages $ 25,000.00
Inasmuch as the plaintiff Marjorie K. Bradford's claim is derivative from the claim of Charles Bradford and is accordingly dependent upon his claim, she cannot obtain greater relief than is permitted to Charles Bradford, and accordingly she is subject to the application of the percentage of contributory negligence as determined by the jury to be attributable to Charles Bradford, Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 556, and accordingly, her award must be reduced 30%, or $7,500.00, to $17,500.00. Of this amount, the defendant Steven Herzig, M.D. has been found responsible for 75%, or $13,125.00, and CT Page 1389 accordingly judgment may enter in favor of the plaintiff Marjorie K. Bradford against the defendant Steven Herzig, M.D. in the amount of $13,125.00.
George W. Ripley, Judge